UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| LARRY GROVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| CORRECTIONAL OFFICER RODNEY ALEXANDER, | ) ) | |
| OFFICER BRIAN A ENDERLI, | ) | JURY TRIAL DEMANDED |
| JOHN DOE | ) | |
| LIVINGSTON COUNTY, | ) | |
| CITY OF PONTIAC, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, LARRY GROVE ("Plaintiff") by and through his attorney Stephen L. Richards, makes the following complaint against Defendants CORRECTIONAL OFFICER RODNEY ALEXANDER, OFFICER BRIAN A ENDERLI, JOHN DOE, LIVINGSTON COUNTY, and CITY OF PONTIAC, and states as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's Civil Rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, 1367.

3. Venue is proper under 28 U.S.C. § 1391(b).

**PARTIES**

4. Plaintiff, LARRY GROVE, is a resident of the Central District of Illinois, residing in Pontiac, Illinois which is located in Livingston County, Illinois.

5. Defendant RODNEY ALEXANDER, is and at all times relevant to this suit is a Correctional Officer of the Livingston County Jail. He is sued in his individual capacity.

6. Defendant OFFICER BRIAN A ENDERLI, is and at all times relevant to this suit a police officer with the Pontiac Police Department of the City of Pontiac. His star number is 109. He is sued in his individual capacity.

7. Defendant JOHN DOE, is and at all times relevant to this suit a medical professional at the Livingston County Jail. He is sued in his individual capacity.

8. Defendant LIVINGSTON COUNTY, is a government entity located in the Central District of Illinois. It is the legal entity responsible for itself and the Livingston County Sherriff's Department and the Livingston County Jail.

9. Defendant CITY OF PONTIAC, is a municipal corporation and is the legal entity responsible for itself and the Pontiac Police Department. This Defendant is located in the Central District of Illinois. This Defendant is also the employer of individual Defendant Brian Enderli, and is a proper entity to be sued under 42 U.S.C. §1983.

## FACTUAL ALLEGATIONS

10. LARRY GROVE, the Plaintiff, was at the time of the allegations in this complaint a 53 year old male residing in Pontiac, IL. A horse jockey by trade, the Plaintiff stands roughly five foot five inches and weighs about 130 pounds.

11. Prior to June 12, 2017, the Plaintiff had suffered injuries which resulted in a metal plate and seven screws to be placed in his left shoulder.

12. On June 12, 2017, LARRY GROVE, the Plaintiff was arrested by the Pontiac Police Department.

13. The Plaintiff was arrested by Pontiac Police Officer Brian A Enderli ("Enderli") star number 109, while the Plaintiff was on his bicycle on 4-H Park Road in Pontiac, Illinois.

14. When Enderli informed the Plaintiff that he was under arrest, Enderli moved to handcuff the Plaintiff behind his back.

15. When this occurred, the Plaintiff told Enderli that he had a left shoulder injury consisting of a steel plate with seven screws and that his arm cannot go that far back.

16. Nonetheless, Enderli handcuffed the Plaintiff behind his back using one set of handcuffs.

17. At this point the Plaintiff was in severe pain, and the Plaintiff was placed in the Police vehicle.

18. The police vehicle than travelled to the Livingston County Jail. While in the police car, the Plaintiff was suffering from such excruciating pain that he put his legs through the handcuffs so that his hands were now in front of his body.

19. Upon arrival at the Livingston County Jail, the Plaintiff was placed in a room (hereafter known as the "booking room"), that included a computer, a video camera mounted in the corner, and a cement bench in view of the camera.

20. The Plaintiff was placed on the cement bench when he entered the booking room.

21. After being placed in the booking room the Plaintiff was alone until a large African American male with a name tag that read "Alexander" entered the room. The African American male was dressed in the uniform of a Livingston County Jail guard and/or correctional officer. This male with the name tag that read "Alexander" is, upon information and belief, the Defendant Rodney Alexander.

22. As soon as Alexander walked into the booking room, Alexander aggressively asked the Plaintiff why the handcuffs were in front.

23. The Plaintiff then explained that he had a left shoulder injury with a steel plate and seven screws in his left shoulder.

24. At this point Alexander ordered the Plaintiff to put his legs through the handcuffs so that the handcuffs would be in back.

25. The Plaintiff attempted to follow instructions. The Plaintiff tried to put his legs through the handcuffs and managed to get his right leg through. He did this while sitting on the cement bench. However, while attempted to get his left leg through, his left leg caught, and the Plaintiff fell off the cement bench, hitting the floor about the left side of his head.

26. The fall caused the Plaintiff's left leg to go through the handcuffs so that now, on the ground, the Plaintiff's hands were handcuffed behind his back.

27. Immediately, Alexander reached down and grabbed the chain of the handcuffs and yanked the Plaintiff off the floor by the chain of the handcuffs.

28. It was while Alexander yanked the Plaintiff off the floor by the chain of the handcuffs that the Plaintiff felt his left shoulder pop and possibly break.

29. At this point the Plaintiff informed Alexander that he was hurting him.

30. Immediately after, Alexander threw the Plaintiff onto the cement bench, causing the Plaintiff's head to hit against the wall.

31. At this point, Alexander left the booking room. The Plaintiff remained, with his hands handcuffed behind his back in excruciating pain.

32. Plaintiff was handcuffed behind his back like this for a significant amount of time.

33. The Plaintiff some time later but before the hearing on June 13, 2017, saw a medical professional, Defendant JOHN DOE (hereafter "Doe"). The Plaintiff told Doe what had occurred with Alexander and that the Plaintiff was in severe pain and believed that his shoulder was broken. Plaintiff also told Doe of the plate in his shoulder. Plaintiff asked to see a doctor or be taken to a hospital. Doe did not send the Plaintiff to a hospital or doctor, did not give the Plaintiff a sling, and did not give any medical care whatsoever besides giving the Plaintiff over the counter Tylenol.

34. The next day on June 13, 2017, a hearing was held, where the Plaintiff appeared by video where probable cause to detain was found and a bail was set for three thousand five hundred dollars.

35. On June 21, 2017 a preliminary hearing was held where there was a finding of probable cause for the matter under case number 2017 CF 199.

36. While in custody Plaintiff was not treated for the shoulder injury he received.

37. On or about July 5, 2017, the Plaintiff's bond was posted and he was released from the custody of the Livingston County Sheriff.

38. On July 12, 2017, Plaintiff visited the doctor, Brian D. Sipe, DO.

39. On July 21, 2017, Plaintiff visited doctor Thomas C. Murphey, MD.

40. On August 15, 2017, the Plaintiff underwent an x-ray of his left clavicle. Dr. James W. Maxey, MD. found that the plate located in the Plaintiff's shoulder was broken.

41. On September 14, 2017, the State moved to dismiss the case against the Plaintiff, and the court granted the motion.

42. Plaintiff has had recurring severe pain and impairment since the injury inflicted on June 12, 2017. He is currently in the care of physicians for his injury and is receiving further treatment and surgery.

**COUNT I- 42 U.S.C. § 1983 EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS**

43. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 as if fully repleaded here in.

44. Defendant Brian Enderli was acting while under the color of state law.

45. Defendant Brian Enderli had notice of the Plaintiff's medical needs.

46. Defendant Rodney Alexander was acting while under the color of state law.

47. Defendant Rodney Alexander had notice of the Plaintiff's medical needs.

48. At the time of the complained events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

49. Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

50. The actions of Defendants Brian Enderli and Rodney Alexander in using excessive force against the Plaintiff which caused injuries constituted a violation of the Plaintiff's Fourth Amendment and Fourteenth Amendment Rights under the United States Constitution.

51. Plaintiff seeks damages for all medical costs associated with the injury, pain and suffering, and punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks a substantial

sum in punitive damages against Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### COUNT II-42 U.S.C. § 1983 CONSTITUTIONALLY INADEQUATE MEDICAL CARE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

52. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 as if fully pleaded here in.

53. Defendant John Doe was acting while under color of state law.

54. Defendant John Doe had notice of the Plaintiff's medical needs.

55. Plaintiff had a serious medical need with the injury to his shoulder and the severe pain he was experiencing.

56. Plaintiff's requested scope of treatment was reasonable.

57. There were no police interests that outweighed Plaintiff's constitutional rights.

58. The actions and inactions by John Doe #2 contributed to Plaintiff's injury which constituted a violation of the Plaintiff's Fourth Amendment and Fourteenth Amendment Rights under the United States Constitution.

59. Plaintiff seeks damages for all medical costs associated with the injury, pain and suffering, and punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks a substantial sum in punitive damages against Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## COUNT III-STATE LAW CLAIM- BATTERY

60. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 as if fully pleaded herein.

61. Defendant Rodney Alexander acted intentionally.

62. Defendant Alexander touched the Plaintiff when he pulled him up from the chain of the cufflinks.

63. Defendant Alexander's action caused injury to Plaintiff.

64. The actions of Defendant Alexander constituted the tort of Battery under the Law of the State of Illinois.

65. Plaintiff seeks damages for all medical costs associated with the injury, pain and suffering, and punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks a substantial sum in punitive damages against Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## COUNT IV- RESPONDEAT SUPERIOR AND INDEMNIFICATION

66. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 as if fully pleaded herein.

67. Illinois law provides that public entities, such as Defendants Livingston County and City of Pontiac, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

68. Defendant individuals were agents of Defendants Livingston County or City of Pontiac and were acting within their scope of employment. Defendant Livingston County and City of Pontiac, therefore, is liable as principle for all torts committed by its agents, in this case the individual Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks a substantial sum in punitive damages against Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

LARRY GROVE

Plaintiff,

/s/ Stephen L. Richards

By: Stephen L. Richards
Law Office of Stephen L. Richards
651 W. Washington Suite 205
Chicago, IL 60661
773-817-6927
sricha5461@aol.com
Attorney No: 6191946