E-FILED
Thursday, 18 June, 2020  02:49:50 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| LARRY GROVE, | |
| **Plaintiff,** | |
| v. | **Case No. 18-2046** |
| RODNEY ALEXANDER, et al. | |
| **Defendants.** | |

## REPORT AND RECOMMENDATION

This matter is before the Court on two pending motions. First, the Motion to Dismiss (#78) filed by Defendants, Livingston County, Illinois and Rodney Alexander. The remaining Defendants, James Pulliam, Dr. Alma Martija, Brian A. Enderli and City of Pontiac filed a motion to join and adopt Defendants' Motion to Dismiss.[1] The Court will refer to these Defendants collectively as "Defendants."  Plaintiff Larry Grove filed a Response (#80, referencing #74) in opposition. Second, the Motion to Deem Defendant Livingston County's Answers to Allegations 19, 21, 22, 23, 25, 30, 31, 32, 34, 36, 37, 46, 47, 48, 51, 61, and 62 of Plaintiff's Second Amended Complaint as Admitted (#82) filed by Plaintiff. Defendants Livingston County and Rodney Alexander filed a Response (#84) in opposition. For the reasons provided below, the Court recommends that Defendants'

---

[1] Defendants Rodney Alexander and Livingston County, Illinois filed a first Motion to Dismiss (#70) on 4/9/20, and Defendants City of Pontiac and Brian Enderli filed a Motion to Join and Adopt the Motion to Dismiss (#71) on 4/13/20. Defendants James Pulliam and Dr. Alma Martija filed a Motion to Join (#77) on April 24, 2020. But, on 4/22/20, Plaintiff filed a Second Amended Complaint rendering the Motion to Dismiss and Motions to Join moot under Local Rule 7.1[E]. The Court therefore mooted Motions #70 and #71 by text orders on May 13, 2020 and May 15, 2020. Defendants James Pulliam and Dr. Alma Martija renewed their Motion to Join on May 4, 2020 (#79). Defendants City of Pontiac and Brian Enderli have not revived their Motion to Join, but because the revived Motion to Dismiss raises the same arguments as in the first Motion to Dismiss, the Court presumes Defendants City of Pontiac and Brian Enderli adopt the allegations contained in the revived Motion to Dismiss.

Motion to Dismiss (#78) and Motion to Join (#79) be GRANTED in part and DENIED in part, and Plaintiff's Motion to Deem Allegations as Admitted (#82) be DENIED.

I.     **Background**

Plaintiff filed his Complaint (#1) more than two years ago on February 7, 2018. Plaintiff's Complaint arises from his arrest on June 12, 2017, by the Pontiac Police Department. Plaintiff alleges that he suffered injuries during and after his arrest. Defendants ask the Court to dismiss Plaintiff's Complaint with prejudice due to Plaintiff's failure to prosecute his case under Federal Rule of Civil Procedure 41(b). As detailed below, Plaintiff's failure to prosecute his case dates back to early 2019.

On January 7, 2019, Defendants Livingston County, Illinois and Rodney Alexander served Plaintiff their First Set of Interrogatories and Requests for Production of Documents. Plaintiff failed to respond timely. On February 6, 2019, defense counsel inquired about the late responses, and Plaintiff requested a two-week extension. Defendants agreed to the extension.

Plaintiff failed to respond within the two-week extension. Defendants again inquired, and Plaintiff asked for an additional 30-day extension. Defendants again agreed to the request for an extension.

Despite two extensions, Plaintiff again failed to provide his responses to the First Set of Interrogatories and Requests for Production of Documents by the new March 4, 2019 deadline. Finally, on March 13, 2019, Plaintiff provided Plaintiff's Answers to Interrogatories, but did not provide Plaintiff's Responses to the Request for Production of Documents. The Answers to Interrogatories included a signature date of July 30, 2018, almost eight months before the answers were provided.

The Court held a status conference on March 27, 2019, during which Plaintiff made an oral motion to extend discovery deadlines.[2] The Court extended the deadline for discovery to July 15, 2019.

---

[2] This was Plaintiff's third request to extend discovery deadlines. The Court previously granted Plaintiff's requests to extend the schedule on July 31, 2018, and August 30, 2018.

On March 30, 2019, defense counsel wrote to Plaintiff's counsel identifying issues with Plaintiff's participation in the case, including Plaintiff's failure to provide timely or complete Answers to Interrogatories, as well as Plaintiff's failure to respond to the Request for Production of Documents. Defense counsel warned Plaintiff's counsel that it would be filing a motion to compel. On May 6, 2019, defense counsel filed a Motion to Compel (#53). The Court granted the Motion to Compel on May 29, 2019 (#56), giving Plaintiff until June 12, 2019, to produce complete discovery responses and to show cause as to why attorneys' fees should not be granted.

By June 12, 2019, Plaintiff failed to respond to the Court's order to show cause why attorneys' fees should not be granted and failed respond to Defendants' Request to Production of Documents. The Court held a status conference on June 13, 2019, in which it directed the parties to file a proposed discovery schedule.

On June 14, 2019, the Court entered a text order giving Plaintiff five additional days to show cause as to why attorneys' fees should not be granted. On June 19, 2019, Plaintiff finally responded to the Court's order to show cause, indicating that he did not object to an award of attorneys' fees limited to the time associated with the motion to compel.[3]

Finally, more than five months after Defendants served the Request to Produce Documents, Plaintiff finally submitted its Responses to Request to Produce Documents on June 24, 2019.

In September 2019, Defendants requested that Plaintiff's counsel tender Plaintiff for his deposition. Defendants made four additional requests in October 2019, but Plaintiff failed to respond to any of the requests.

The Court held a Status Conference on October 17, 2019, in which Plaintiff again asked to extend the discovery schedule.

---

[3] The Text Order further directed that "if Defendants still intend to request attorney's fees in connection with the motions to compel, Defendants [should] submit a response showing the fees incurred in drafting their respective motions." Defendants did not submit a fee request, so no fees were ordered.

Finally, on October 28, 2019, Plaintiff's counsel provided dates to tender Plaintiff for deposition. Because these dates were not until mid to late November, after the fact discovery deadlines, Defendants had to file a motion to extend discovery. In the end, Plaintiff's counsel did not present Plaintiff for his deposition until February 4, 2020.

In addition to Plaintiff's repeated delays and outright refusal to cooperate in the discovery process, Plaintiff failed to appear for status conferences set before the Court on February 12, 2020, and March 2, 2020. Between February 12 and March 2, 2020, defense counsel made several attempts to contact Plaintiff, but was unsuccessful.

## II.    Motion to Dismiss:

### a.    Legal Standard

Federal Rule of Civil Procedure 41(b) provides:

(b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Also relevant, under Rule 37(b), the court may order sanctions against a party who fails to obey an order to provide discovery. Those sanctions include, but are not limited to:

  (i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

  (ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence;

  (iii)  striking pleadings in whole or in part;

  (iv)   staying further proceedings until the order is obeyed;

  (v)    dismissing the action or proceeding in whole or in part;

  (vi)   rendering a default judgment against the disobedient party; or

  (vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

4

Fed. R. Civ. P. 37(b)(2)(A).

The district court is authorized to order sanctions as severe as dismissing the action when a litigant fails to obey a court order compelling discovery. *See Govas v. Chalmers*, 965 F.2d 298, 303 (7th Cir. 1992) ("Our case law makes it clear that a district court has the discretion to dismiss a claim when a party demonstrates a pattern of dilatory and evasive discovery tactics and when that party willfully persists in such tactics in violation of court warnings and orders."). However, the sanction selected must "be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000). "Of all possible sanctions, dismissal is considered draconian." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003). Entry of dismissal for a litigant's failure to cooperate in the discovery process requires a showing of willfulness, bad faith, or fault on the part of the non-moving party. *Id*. In order to apply the sanction of dismissal, the Court must first consider and explain why lesser sanctions would be inappropriate. *See Long*, 213 F.3d at 986.

**b. Analysis**

Over the past year, it has become abundantly clear that sanctions are not only justified, but necessary, due to Plaintiff's disregard of the Federal Rules of Civil Procedure and court orders. Plaintiff failed to comply with the Court's ordered discovery schedule and failed to provide discovery responses even after Defendants and the Court extended the deadline on several occasions. Furthermore, Plaintiff's lawyer failed to appear without explanation at two scheduled status conferences before the Court. Even more concerning, Plaintiff's counsel failed to respond to defense counsel's inquiries about his absence and essentially failed to participate in this case for several months.

The Court finds that Plaintiff's failure to participate was willful and therefore warrants substantial sanctions. Plaintiff acknowledges that the facts stated in Defendants' motion are accurate as they relate to Plaintiff's repeated delays and evasiveness. Plaintiff's only explanation for his failure to prosecute the case is that the parties discussed participating in a settlement conference, and Plaintiff's counsel sent a settlement demand letter to Defendants Enderli and the City of Pontiac. Plaintiff

5

recognizes that he did not send a letter to any other Defendants. Plaintiff does not explain or even address his repeated delays in responding to Defendants' Request to Produce Documents.

As to the missed status conferences, Plaintiff's counsel states that he was in a trial in the Northern District of Illinois during the scheduled February 12, 2020 status conference. Plaintiff's counsel states that he asked the Northern District judge to notify this court that Plaintiff's counsel could not attend the status conference, even by phone. The Court certainly understands that Plaintiff's counsel could not attend the status conference while he was also in trial in another district court. However, Plaintiff's counsel has not adequately explained his failure to notify the Court of his conflict prior to the hearing. It was Plaintiff's counsel's responsibility to inform the Court of his unavailability, and Plaintiff's counsel should not have pushed that responsibility onto a judge sitting in a different district.

As to the March 2, 2020, status conference, Plaintiff's counsel represents that he "made a calendaring error" and missed it. After seeing the minute entry, Plaintiff's counsel called chambers and explained the error. But, Plaintiff did not contact opposing counsel to explain his absence.

Plaintiff's counsel maintains that his attempts to contact opposing counsel were hampered by the COVID-19 pandemic, as Plaintiff's counsel needed to self-quarantine due to his medical condition. Plaintiff's counsel does not explain why self-quarantining limited his ability to communicate by phone or email.

Plaintiff has "demonstrate[d] a pattern of dilatory and evasive discovery tactics and [] willfully persist[ed] in such tactics in violation of court warnings and orders." *Govas*, 965 F.2d at 303. While sanctions are warranted under Rule 37(b), the draconian sanction of dismissal is not yet warranted as it is a greater punishment to his client than to the one responsible for the violations. In this case, a lesser sanction is more appropriate. The Court therefore recommends that Plaintiff be denied the ability to conduct any further discovery. Specifically, the Court recommends that Defendants be given the opportunity to complete their discovery process and disclose expert witnesses, but that

Plaintiff be barred from disclosing expert witnesses. Plaintiff failed to disclose any witnesses before the February 14, 2020, deadline, and no extensions to this deadline will be permitted for Plaintiff.

The Court further recommends that Defendants be required to submit a proposed discovery schedule within 14 days of the district judge's ruling on this Report and Recommendation. That schedule should be constructed to allow Defendants adequate time to complete their discovery without regard for allotting time for Plaintiff to perform any discovery.

**The Court warns Plaintiff that any further delays or failure to participate in this case may result in the dismissal of the case with prejudice.**

## III.    Motion to Deem Admitted

Plaintiff asks the Court to deem Defendant Livingston County's Answers to Allegations 19, 21, 22, 23, 25, 30, 31, 32, 34, 36, 37, 46, 47, 48, 51, 61, and 62 of Plaintiff's Second Amended Complaint as admitted. In response to each of these allegations, Defendants Livingston County and Rodney Alexander answered "Denied as alleged." Plaintiff argues that this response is not a proper denial under Federal Rule of Civil Procedure 8(b), and the allegations should be deemed admitted.[4]

In relevant part, Federal Rule of Civil Procedure 8(b) provides:

(1) In General. In responding to a pleading, a party must
    (A) state in short and plain terms its defenses to each claim asserted against it; and
    (B) admit or deny the allegations asserted against it by an opposing party.

(2) Denials—Responding to the Substance. A denial must fairly respond to the substance of the allegation.

(3) General and Specific Denials. A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the

---

[4] Plaintiff's Motion appears to have the prayer for relief cut off, as the last line reads: "Wherefore, Plaintiff moves for an order of court that". It is clear from the Motion that the relief Plaintiff seeks is an order deeming these allegations admitted.

allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

(4) Denying Part of an Allegation. A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

(5) Lacking Knowledge or Information. A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

(6) Effect of Failing to Deny. An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a re-sponsive pleading is not required, an allegation is considered denied or avoided.

Plaintiff maintains that "The response 'denied as alleged,' is neither a denial, a denial of part of an allegation, or an assertion of insufficient knowledge." Plaintiff gives no legal basis for the assertion that "denied as alleged" is an insufficient denial under the Federal Rules. It is hard to comprehend a clearer denial than the phrase "denied as alleged," and in fact this type of answer appears regularly in answers filed with this Court.

For this reason, the Court recommends that Plaintiff's Motion to Deem Allegations as Admitted (#82) be denied.

## IV.    Conclusion

In sum, the Court recommends that Defendants' request to dismiss Plaintiff's case for failure to prosecute be denied in part and granted in part. The Court recommends that Defendants be given the opportunity to complete their discovery process and disclose expert witnesses, but that Plaintiff be barred from conducting any additional discovery, including disclosing expert witnesses.

The Court further recommends that Defendants be required to submit a proposed discovery schedule within 14 days of the district judge's ruling on this Report and Recommendation.

Additionally, the Court recommends that Plaintiff's Motion to Deem Allegations as Admitted (#82) be denied.

8

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 18th day of June, 2020.

s/ERIC I. LONG

UNITED STATES MAGISTRATE JUDGE